IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV26-1-T
(1:05CR23-12-T)

| | |
|---|---|
| JOHNNY SHANE MYERS, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

[i]f it plainly appears from the face of the motion and any

> annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On February 28, 2005, Petitioner and 15 co-Defendants were charged with conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed February 28, 2005.** Thereafter, the Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to the charge contained in the indictment and the Government agreed that the amount of methamphetamine reasonably foreseeable by the Petitioner was at least 35 grams but less than 50 grams. **Plea Agreement, filed April 15, 2005.** On April 25, 2005, the Petitioner and his attorney appeared before the Magistrate Judge for a Rule 11 hearing at which time the Petitioner formally entered his guilty plea. **Rule 11 Inquiry**

**and Order of Acceptance of Plea, April 25, 2005.** At the conclusion of the Rule 11 hearing, the Magistrate Judge found the Petitioner had voluntarily and knowingly entered his plea of guilty and that he understood the charges, potential penalties, and consequences of his plea, and accepted the Petitioner's guilty plea. *Id*. **at 10-11.** On February 9, 2006, the Court sentenced Petitioner to a term of 135 months imprisonment. **Judgment in a Criminal Case, filed February 24, 2006**. The Petitioner appealed; on January 26, 2007, the Fourth Circuit affirmed his conviction and sentence. ***United States v. Myers***, **215 F. App'x 237 (4th Cir. 2007).**

Petitioner timely filed his § 2255 motion on January 25, 2008, alleging that he received ineffective assistance of counsel both at the trial and appellate levels.

## III. DISCUSSION

In considering the Petitioner's claims of ineffective assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

***Strickland v. Washington*, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. ***Id.*** Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different. ***Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992).** In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Strickland*, *supra*, at 689**; ***Fields*, *supra*, at 1297-99.**

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must overcome an even higher burden. ***Hill*, *supra*, at 53-59.** In order to establish the requisite prejudice in challenging a conviction after a guilty plea, a petitioner must show that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" ***Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988 ) (quoting *Hill, supra*, at 59).** This objective determination is based on whether going to trial might

reasonably have resulted in a different outcome.  ***Hill, supra,* at 59-60.**

Petitioner alleges that his trial counsel was ineffective for failing to properly explain the plea agreement to him and for failing to object to the provision contained therein that Petitioner reimburse the Government for the cost of his court appointed attorney.  **Petitioner's Memorandum in Support of Motion to Vacate, filed January 25, 2008, at 7-9.**  Petitioner states that he was indigent at the time of his arrest and his trial attorney was negligent for not confirming this fact and objecting to the requirement under the terms of the plea agreement that Petitioner to pay the cost of court appointed counsel.  Petitioner further states that he felt pressured by his counsel to sign the plea agreement with "the pressuring incentive being released on $50,000 unsecured bond upon signing the plea."  ***Id.* at 8.**

Petitioner does not allege, much less provide any evidence, to support a conclusion that an objection by his counsel would have resulted in the removal of the term in his plea agreement requiring him to pay court appointed counsel.  Indeed, this Court is aware that such a term is standard in plea agreements offered in this District.  As such, at a minimum, Petitioner has failed to establish that he was prejudiced and his claim fails on this basis.

Petitioner also alleges that his trial counsel was ineffective for failing to properly review the presentence report with him and for failing to object to the restitution amount he was required to pay. *Id.* **at 9-11.** More specifically, Petitioner objects to being held responsible for what he alleges is an unequal share of the restitution. A review of Petitioner's plea agreement reveals that he agreed to pay full restitution. **Plea Agreement,** *supra***, ¶ 7 ("The defendant agrees to pay full restitution, regardless of the resulting loss amount[.]").** In addition, Petitioner agreed that such restitution would "include all victims directly or indirectly harmed by the defendant's 'relevant conduct'[.]" *Id.* A review of Petitioner's presentence report reveals that the terms of the plea agreement with regard to restitution were carried out. Indeed, Petitioner provides no specifics as to why he should not be responsible for the restitution related to the three methamphetamine labs that were on his property and the lab he was observed leaving.

Finally, the Court notes that with regard to either allegation, Petitioner fails to assert or even to hint that but for these alleged errors of his trial counsel he would not have pled guilty and would have insisted on going to trial. Notably, nowhere does Petitioner assert his innocence or a

disagreement with the amount of methamphetamine at issue. Indeed, a review of the record reveals that the facts support a conclusion that a reasonable defendant would have pled guilty rather than insisting on going to trial. *See Slavek v. Hinkel,* 359 F. Supp. 2d 473, 494 (E.D. Va. 2005) **(asking whether a "reasonable defendant, properly counseled, would not have pled guilty and would have insisted on going to trial" (citing** *Hill, supra*)**).** Petitioner received a 135 month sentence. If Petitioner had elected to proceed to trial he would have potentially faced a sentence of 235 to 293 months imprisonment.[1] Given the overwhelming evidence against him – direct seizure of methamphetamine lab materials on four occasions – and the higher sentence he faced, this Court concludes that a

---

[1] Petitioner was charged with for conspiracy to manufacture and possess with intent to distribute more than 1.5 kilograms of methamphetamine. He stipulated in his plea agreement that the amount to which he was pleading guilty was greater than 35 grams but less than 50 grams of actual methamphetamine. Petitioner's presentence report sets forth that he was responsible for 500 grams of methamphetamine which would have resulted in an offense level of 32. **U.S.S.G. § 2D1.1.** With no adjustment for acceptance of responsibility, Petitioner's offense level would have been 35, and combined with a criminal history of IV, he would have faced a sentencing guideline range of 235 to 293 months. Of course, if the Petitioner had proceeded to trial and the Government had proven that Petitioner was responsible for an amount greater than 1.5 kilograms of methamphetamine, his total offense level would have been 37 and his guideline range would have been 292 to 365 months.

reasonable defendant would not have proceeded to trial even if the defendant understood that he would have to pay the amount of restitution and the cost of court appointed counsel set forth in Petitioner's Judgment. Consequently, Petitioner has failed to establish that his trial counsel was ineffective.

As for his appellate counsel, Petitioner alleges that he was ineffective because he failed to ever meet or communicate with Petitioner. **Petitioner's Memorandum,** *supra***, at 4-7.**

While such allegations, if true, would likely constitute deficient performance, Petitioner fails to establish the requisite prejudice. Petitioner fails to establish that there is a reasonable probability that but for this alleged error the outcome would have been different. That is, Petitioner does not state which claims he would have presented on appeal and why they might have been meritorious. Petitioner does not even state that he had issues he wished had been appealed. Indeed, the Court notes that a review of the Fourth Circuit's docket record does not show that Petitioner elected to file a supplemental brief. In addition, the Petitioner's plea agreement contained a waiver provision which limited Petitioner's appellate

claims to those of ineffective assistance of counsel[2] and prosecutorial misconduct. Consequently, Petitioner has failed to establish that his appellate counsel was ineffective.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 is **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: February 26, 2008

Lacy H. Thornburg
United States District Judge

---

[2] Ineffective assistance of counsel claims are not typically proper on direct appeal. ***United States v. King***, **119 F.3d 290, 295 (4th Cir. 1997);** *see also*, *Myers,* **215 F. App'x at 239 ("[W]hile Myers' waiver of the right to appeal does not preclude him from bringing his appeal based on a claim of ineffective assistance of counsel, his ineffective assistance of counsel claim is nevertheless not cognizable on direct review.").**